UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Christopher Lee Washington (31),<br><br>                Defendant. | Case. No. 23-cr-160 (NEB/JFD)<br><br>**ORDER** |

This matter is before the Court on the Motion of the Defendant, Christopher Lee Washington, to Permit Late Filing of Pretrial Motions (Dkt. No. 1534). For the reasons that follow, the Motion is **GRANTED IN PART AND DENIED IN PART**.

**I.    Background and Procedural Posture**

The operative charging instrument in this case is a Second Superseding Indictment (Dkt. No. 820) that was returned by the grand jury on March 6, 2024. That indictment charges Mr. Washington in Count I with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d) and in Count III with Conspiring to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Following his initial appearance, Mr. Washington was granted pretrial release on conditions (Dkt. No. 545). However, Mr. Washington absconded from the halfway house where he was living while on release (Dkt. No. 1476).

Pretrial motions were due from Mr. Washington no later than August 21, 2024 (Dkt. No. 1164). Mr. Washington missed that deadline because on August 21 he was a fugitive

1

and so could not meet with his lawyer to finalize his motions (Dkt. No. 1272). Following his recapture, Mr. Washington came before the Court on October 28, 2024 (Dkt. No. 1509). At that appearance, he was arraigned, and his lawyer argued the motion for leave to file late motions. The Court, noting that the legal standard for permitting late filing of motions is a showing of good cause for missing the deadline, but also wanting to assess whether undue prejudice would accrue to Mr. Washington if the motion to accept untimely filing were denied, directed defense counsel to file, by November 4, 2024, exemplars of the motions he would file on Mr. Washington's behalf if granted permission to do so. The Court noted that these would not be true motions, but would be in the nature of an offer of proof, allowing the Court to better assess how much prejudice Mr. Washington would suffer if the Court ruled that the motions would not be accepted for filing.

## II. Legal Standards

A federal district court may establish deadlines by which pretrial motions must be filed, Fed. R. Crim. P. 12(c). Under Fed. R. Crim. P. 12(e), if that deadline is missed, the subject matter of the motion that might have been filed will be considered waived. *United States v. Trancheff*, 633 F.3d 696, 697 (8th Cir. 2011) (following *United States v. Salgado-Campos*, 442 F.3d 684, 686 (8th Cir. 2006)). The Court may, in its discretion, excuse the waiver for good cause. Fed. R. Crim. P. 12(c)(3) ("[A] court may consider the defense, objection, or request if the party shows good cause"); *Trancheff*, 633 F.3d at 697 ("[T]he district court has discretion to excuse the waiver.")

## III. Analysis

At the October 28 hearing, one of the arguments defense counsel made for accepting

motions out of time was that denying motions as untimely should not be part of Mr. Washington's punishment for absconding. The Court stated at the hearing that it agreed with this principle and reiterates that understanding now. Mr. Washington was on pretrial release, but as a consequence for absconding he is no longer at liberty, he is in jail, where he will stay through trial. While denial of permission to file motions may be a natural consequence of Mr. Washington's decision to abscond from supervision, it should not be a punishment for absconding. The law provides another remedy for absconding, and as noted it has been applied to Mr. Washington.

The cases cited above show that in the Eighth Circuit defendants in criminal cases who miss a motion filing deadline without good cause will be found to have waived the subject matter of those motions. When the Eighth Circuit analyzes "good cause," it looks to whether there is a good reason for missing the motions filing deadline. In *United States v. Trancheff*, 633 F.3d 696, 698 (8th Cir. 2011) (per curiam), the Eighth Circuit held that retention of new counsel is not good cause for untimely filing, a holding it reinforced in *United States v. Dabney*, 42 F.4th 984, 989 (8th Cir. 2022), while in *United States v. Salgado-Campos*, 442 F.3d 684, 686 (8th Cir. 2006), the Eighth Circuit found good cause for an untimely motion filing where the United States caused the filing delay by not disclosing information relevant to the motion until after the filing deadline.

Here, Mr. Washington does not even attempt to argue that absconding from pretrial release is good cause for missing a motions deadline, and if he did, the argument would almost certainly be futile. Instead, Mr. Washington asks the Court to find good cause by focusing on the potential prejudice he will suffer if his pretrial motions are not heard, an

3

approach followed only by a single district court. *United States v. Floyd*, No. 3:20-CR-30082-RAL, 2024 WL 1154849, at *4 (D.S.D. Mar. 18, 2024) (finding no good cause for late filing, but then holding that the court would not "penalize a pro se defendant for a delay for what is effectively two business days . . . caused by standby counsel . . . moving offices").

Applying these standards to the facts in this case, the Court finds that Mr. Washington has no good reason for missing the filing deadline. As Mr. Washington's counsel points out, and as the Court agrees, denial of his motions should not be punishment for absconding, because the consequence of absconding is having pretrial release revoked and being taken into custody, which has happened. Mr. Washington is charged with the extremely serious crimes of racketeering conspiracy and conspiracy to distribute narcotics and faces a lengthy prison sentence if convicted. The Court notes that the bulk of Mr. Washington's motions have been brought by other defendants and ruled upon by the Court already, which means that any prejudice from denying those motions as untimely is slight to nonexistent. Mr. Washington's motion to sever, like all the other severance motions in this case, will be held in abeyance until there is more clarity on the question of which defendants are going to proceed to trial and which are going to negotiate a resolution of the charges against them short of trial.

After considering and weighing the relevant factors, the Court will follow the approach of the District of South Dakota and entertain the three motions brought by Mr. Washington that are unique to him, namely his two motions to suppress evidence found in warranted searches (Dkt. Nos. 1529 and 1530) and his motion to suppress statements (Dkt.

No. 1532). Mr. Washington's Motion to Sever Defendant (Dkt. No. 1528) is held in abeyance, together with the other severance motions in this case. Mr. Washington's Motion for Leave to File Pretrial Motions (Dkt. No. 1534) is **GRANTED IN PART AND DENIED IN PART** as described in this Order. The pretrial motions filed by Mr. Washington at Dkt. Nos. 1523, 1524, 1525, 1526, 1527, 1531, and 1533 are **DENIED AS UNTIMELY**.

The Court does not need any further briefing from the parties before it prepares a Report and Recommendation on the three motions it will consider. The Court will review the three search warrants at issue and the recording of the interview of Mr. Washington. If the United States is concerned that an argument may be overlooked, it may, but need not, file a short memorandum in opposition to these three motions on or before **Friday, December 13, 2024**.

The United States will forthwith provide the Court with the following:

1. The two search warrants issued by Minnesota state court judge Mary R. Vasaly on August 24, 2023, as well as the applications (including supporting affidavit) for those warrants;

2. The tracker warrant issued by Minnesota state court judge Michael Burns on July 18, 2023, as well as the application (including supporting affidavit) for that warrant; and

3. The recording (audio or video or both as the case may be) of Mr. Washington's August 21, 2023 interview with Detective Jindra of the Brooklyn Park Police Department.

Because these motions may be decided on the existing record, no hearing will be held. The Court will take these motions under advisement on December 13, 2024, the date the United States may (but again, does not need to) submit a response to the motions.

Dated: November 25, 2024

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge